(No. 3796— ▉▉▉▉▉▉▉▉▉▉

CARL WEAKLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

FRANCIS W. PURVIS, (FRANK EAGLETON, of Counsel) for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

PER CURIAM:

On the 30th day of June, 1942, the claimant, Carl Weakley, was employed as a mechanic in the Illinois State Highway Garage, State Fair Grounds, near Springfield, Illinois. While repairing a motor under the direction of his superiors, a can of gasoline which was being used to clean parts of the motor exploded, burning various parts of his body, and more particularly his left arm. He was taken to the Springfield Memorial Hospital in Springfield where he received first aid, and later was transferred to Chicago, Illinois, for further treatment. The record consists of the complaint, report of the Division of Highways, report of Dr. H. B. Thomas, orthopedic surgeon, Chicago, Illinois, and stipulation between the attorneys for claimant and the Attorney General. Claimant seeks an award under the terms of the Workmen's Compensation Act for a partial loss of use of his left arm due to this injury.

Upon a full consideration of the record, and from a personal examination of claimant, the court makes the following findings:

That on the 30th day of June, 1942, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of said accident was given to respondent and claim for compensation for this injury was made within the time required by the provisions of said Act; that all necessary medical, surgical and hospital bills were provided by the respondent except the sum of $19.40 paid by the claimant for hospital services; that at the time of the accident in question claimant was twenty-eight years of age, and had one child dependent upon him; that the earnings of the claimant during the year next preceding his injury were

One Thousand, Nine Hundred and Twenty Dollars ($1,-920.00), making his average weekly wage Thirty-Six Dollars and Ninety-two Cents ($36.92), and his compensation rate Sixteen Dollars and Fifty Cents ($16.50) as provided under Section 8 of said Act; that claimant's salary was paid regularly to him during the period of his convalescence, resulting in an over-payment of One Hundred Ninety-four Dollars and Twenty-four Cents ($194.24).

The court further finds that the claimant has suffered a 75% loss of use of his left hand.

Claimant has also filed claim for three items, which he claims to have expended for railroad transportation, meals and private hospital while in Chicago. No proper proof has been made of these items, and the respondent is not liable therefor. An award on these items must be denied.

An award is entered in favor of claimant as follows: 127½ weeks at Sixteen Dollars and Fifty Cents ($16.50) per week for a 75% loss of functional use of claimant's left hand totalling the sum of Two Thousand, One Hundred and Three Dollars and Seventy-five Cents ($2,-103.75), as provided by Section 8, Paragraph (E) of the Workmen's Compensation Act. From this amount must be deducted the sum of One Hundred, Ninety-four Dollars and Twenty-four Cents ($194.24), representing the difference between the temporary compensation due claimant and the salary which was paid to him for unproductive work, leaving the total of One Thousand, Nine Hundred and Nine Dollars and Fifty-one Cents ($1,909.51), of which One Thousand, Four Hundred Sixty-eight Dollars and Fifty Cents ($1,468.50) has accrued to March 14, 1944, and is payable forthwith; the balance is payable to claimant in weekly installments of

Sixteen Dollars and Fifty Cents ($16.50) per week until fully paid.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."